**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No. 18-337 |
| | ) | Judge Nora Barry Fischer |
| TAMMY LAIRD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

In this case, Defendant Tammy Laird embezzled more than $300,000 from Corsica Borough while serving as its secretary/treasurer which resulted in her being charged with 26 counts of wire fraud in violation of 18 U.S.C. § 1343.   After pleading guilty to all 26 counts, she was sentenced on May 7, 2022 to a term of 21 months' incarceration which was below the advisory guidelines range of 27-33 months.   (Docket No. 112).   She self-reported to the Bureau of Prisons ("BOP") on July 6, 2022 and now seeks bond pending appeal while she challenges the application of enhancements for loss over $250,000 under Guideline § 2B1.1(b)(1)(G) and abuse of position of trust under Guideline § 3B1.3.   (Docket Nos. 123, 130, 134).   The Government naturally opposes the motion.   (Docket Nos. 126, 131).   The Motion has been fully briefed and is now ripe for disposition.   (Docket Nos. 123, 126, 130, 131, 134).   After careful consideration of the parties' arguments in light of all of the prior rulings in this case, and for the following reasons, Defendant's Motion [123] is DENIED, without prejudice, as she has failed to meet her burden to demonstrate that her release on bond pending disposition of her appeal before the U.S. Court of Appeals for the Third Circuit at Appeal No. 22-1978 is warranted at this time.

Defendant moves for bond pending appeal pursuant to 18 U.S.C. § 3143(b), which provides:

(b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).   Defendant argues that she is entitled to *immediate* release from custody on bond while she awaits the disposition of her appeal pending before the U.S. Court of Appeals for the Third Circuit.   (Docket Nos. 123, 130, 134). The Government counters that Defendant has failed to demonstrate that she has raised a substantial issue of law or fact on appeal nor that a reduction in her sentence is likely to result from such appeal.   (Docket Nos. 126, 131). Having considered the parties' positions, Defendant's motion will be denied for several reasons.

First, Defendant misinterprets the statute and has not established that she is entitled to *immediate* release on bond pursuant to §§ 3143(b)(1)(A) and (B).   To that end, it is uncontested that Defendant has met the requirements under § 3143(b)(1)(A) to show that she is not a flight risk

nor a danger to the community if released on bond while her appeal is pending.   (Docket Nos. 123, 126, 130, 131, 134).   She also concedes that she not entitled to release pursuant to any of §§ 3143(b)(1)(B)(i), (ii), or (iii).   (Docket Nos. 123, 130, 134).   She instead focuses on § 3143(b)(1)(B)(iv) which provides, in pertinent part, that release may be warranted if the appeal "raises a substantial question of law or fact likely to result in—[…] a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process."   18 U.S.C. § 3143, *supra*.   Defendant maintains that she is entitled to *immediate* release on bond under this provision but she ignores the statutory limitation on motions brought under "subparagraph (B)(iv)" set forth in § 3143 which cabins the Court's discretion in such circumstances to "order the detention terminated at the expiration of the likely reduced sentence." *Id*.

In light of this statutory language, even if Defendant had met her burden to demonstrate that her appeal raises a "substantial issue of law or fact likely to result in … a reduced sentence," she is only entitled to bond "at the expiration of the likely reduced sentence," as opposed to immediate release while the appeal is heard.   *Id*.   Given same, it is this Court's opinion that Defendant has not made such a showing because she was sentenced to 21 months' incarceration and has been in custody from July 6, 2022 through the present, a period of only 8 months and eleven days but she has neither argued nor demonstrated that her sentence would likely be reduced to "time served" if she succeeds on appeal.   (*See* Docket No. 130-1 at 3).

Second, as the Government points out, even if Defendant succeeds on all or part of her appeal, the sentence of 21 months' incarceration would be within both of the potential ranges under the advisory guidelines, i.e., 15-21 months if she succeeded on both arguments, or 21-27 months if she prevailed on only one of them.   (Docket Nos. 126, 131).   The United States Court

3

of Appeals for the Third Circuit has repeatedly held that a sentence within the advisory guidelines range is presumptively reasonable.   *See United States v. Shah*, 43 F.4th 356, 367 (3d Cir. 2022) (citing *Rita v. United States*, 551 U.S. 338, 347 (2007)) ("the sentence is within the applicable Guidelines range, […], so we may presume it is reasonable.").   Defendant does not contest the substantive reasonableness of the 21-month sentence but speculates that the Court may once again exercise its discretion to vary below these recomputed ranges at a resentencing hearing.   (Docket Nos. 123, 130, 134).   At the same time, the BOP records submitted by the defense state that Defendant has a projected release date of September 24, 2023 with the expected application of credits for good time and under the First Step Act, meaning that she will serve a period of incarceration of only 14 months and 18 days.   (*Id*.).   Since Defendant admits that she expects to serve less than 15 months in custody, the Court is not convinced that her appeal is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."   18 U.S.C. § 3143(b)(1)(B)(iv).

Third, and most importantly, the Court did not rigidly adhere to the guidelines at the sentencing hearing but conducted an individualized assessment of the § 3553(a) factors in this case and ultimately decided that a term of 21 months' incarceration was appropriate.   (*See* Docket No. 116 at 107, 109).   In reaching this decision, the Court was well aware of Defendant's objections to the challenged enhancements and resolved those disputes given its duty to do so.   (*See* Docket Nos. 92; 101; 116).   Yet, the Court also understood how overruling those objections affected the advisory guidelines range and what the alternative advisory guidelines ranges would be if the objections had been sustained.   (Docket No. 116 at 109 ("The guideline range, as everybody knows, is 27 to 33. I shaved a little bit of time off that. I think that the record bears that out. But I still think a BOP sentence is merited here.")).   Even without the enhancements, the facts of

4

Defendant's offenses and the harm caused to the Borough and its residents by her embezzlement remain the same and the Court believes that the 21-month sentence continues to be sufficient but not greater than necessary to meet all of the goals of sentencing in this case.   *See United States v. Zabielski*, 711 F.3d 381, 389-90 (3d Cir. 2013) (quotation omitted) ("if the applicability of an enhancement is uncertain, and the enhancement has no bearing on the sentence imposed by the district court, a thorough explanation of the district court's reasoning can help us identify when an erroneous Guidelines calculation had no effect on the final sentencing determination so we can avoid setting aside a perfectly reasonable sentence and sending the case back for more proceedings which probably will result in the same sentence being imposed again.").   Overall, Defendant has not presented the Court with any other information which would demonstrate that re-weighing the § 3553(a) factors at a resentencing hearing would likely result in a lesser sentence, such that her motion for bond pending appeal under §§ 3143(b)(1)(A) and (B)(iv) must be denied.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Bond Pending Appeal [123] is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:          March 17, 2023

cc/ecf:          All counsel of record.
                 Tammy Laird c/o Gabrielle Lee, AFPD